2007 WY 95

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,**

v.

**Timothy J. JUDSON, Attorney No. 5–1367, Respondent.**

No. D–07–0002.

Supreme Court of Wyoming.

June 11, 2007.

ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

This matter came before the Court upon a "Report and Recommendation for Reciprocal Discipline," filed herein May 16, 2007, by the Board of Professional Responsibility for the Wyoming State Bar and pursuant to Rule 20 of the Disciplinary Code for the Wyoming State Bar. This Court has reviewed the Report and Recommendation for Reciprocal Discipline; the Colorado Supreme Court's "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22;" the "Stipulation" entered into by Respondent and the Wyoming State Bar; the Affidavit of Costs and Expenses; the Motion for Reciprocal Discipline and to File a Report and Recommendation for Discipline; and the file. This Court finds that the Report and Recommendation for Reciprocal Discipline should be approved, confirmed and adopted by the Court. The Court further finds that, as recommended by the Board of Professional Responsibility, the Respondent, Timothy J. Judson, should be disciplined in a manner consistent with the discipline imposed by the Colorado Supreme Court. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reciprocal Discipline, which is attached hereto, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that, consistent with the discipline imposed by the Colorado Supreme Court, Respondent Timothy J. Judson shall be, and hereby is, suspended from the practice of law in the State of Wyoming for a period of one year and one day, with six months already served. The remaining six months shall be, and hereby are, stayed upon the successful completion of the three-year period of probation referenced in the Colorado Supreme Court's "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22." This suspension will be served at the same time as the suspension imposed by the Colorado Supreme Court, meaning the suspension is and was effective August 11, 2006; and it is further

**ORDERED** that, pursuant to Rule 26 of the Disciplinary Code for the Wyoming State Bar, Timothy J. Judson shall reimburse the Wyoming State Bar the amount of $87.87, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00. Mr. Judson shall pay the total amount of $587.87 to the Clerk of the

Board of Professional Responsibility, on or before January 1, 2008; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law shall be published in the Wyoming Reporter and the Pacific Reporter. The "Report and Recommendation for Reciprocal Discipline" and the Colorado Supreme Court's "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22" shall also be published as attachments to this order; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the attachments noted in the preceding paragraph, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 8th day of June 2007.

**BY THE COURT:**\*
/s/ Barton R. Voigt
**BARTON R. VOIGT**
**Chief Justice**

ATTACHMENT

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

WYOMING STATE BAR

STATE OF WYOMING

In the matter of TIMOTHY J. JUDSON, WSB Attorney No. 5–1367, Respondent

Docket No. 2006–14

**REPORT AND RECOMMENDATION FOR RECIPROCAL DISCIPLINE**

The Board of Professional Responsibility makes the following report and recommendation for reciprocal discipline pursuant to Sec-

\* Justice Hill and Justice Burke would have denied

tion 20, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

*FINDINGS OF FACT*

1. Timothy J. Judson is currently a member of the Wyoming State Bar on active status and has been since 1974.

2. On July 12, 2006, the Supreme Court of the State of Colorado entered its "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22", which order suspended Timothy J. Judson from the practice of law in the state of Colorado for a period of one year and one day, with six-months served and the remaining six-months stayed upon the successful completion of a three-year period of probation with conditions. A copy of such Order is attached hereto.

3. Mr. Judson has not appealed or otherwise challenged the Order described in paragraph two above and is currently complying with the terms of that order.

4. At the time of the entry of the Order referred to in paragraph two above, Mr. Judson was a resident of the State of Colorado and practiced law in Colorado.

5. On August 17, 2006, Bar Counsel filed a "Recommendation for Reciprocal Discipline" In the Matter of Timothy J. Judson, WSB Attorney no. 5–1367, Respondent Docket No. 2006–14 Before the Board of Professional Responsibility, Wyoming State Bar, State of Wyoming, recommending pursuant to Rule 20(a) of the Disciplinary Code, that the Board of Professional Responsibility impose the same disciplinary sanction on Timothy J. Judson as imposed by the Supreme Court of Colorado in its "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22."

6. On September 7, 2006, The Board of Professional Responsibility entered its "Order to Show Cause" why the Board of Professional Responsibility should not adopt the recommendation of Bar Counsel. By agreement between Bar Counsel and Respondent, the time for response to that Order was

the recommendation.

extended until January 12, 2007, at which time Respondent filed his "Response to Order to Show Cause" with the Board of Professional Responsibility.

7. Pursuant to Rule 16(c), Disciplinary Code of the Wyoming State Bar, the parties stipulate that the recommendation of Bar Counsel to the imposition of the same discipline imposed by the Colorado Supreme Court is appropriate public discipline as required by Rule 20, Disciplinary Rules of the Wyoming.

8. Respondent is not now practicing law in Wyoming or any other state.

## CONCLUSIONS OF LAW

9. Pursuant to the Stipulation between Bar Counsel and Respondent, through his counsel, and Disciplinary Code Section 20, it is appropriate to recommend to the Wyoming Supreme Court that reciprocal discipline be ordered in this case.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

10. It is hereby recommended that this Court:

a. suspend Timothy J. Judson from the practice of law in the state of Wyoming for a period of one year and one day, with six-months served and the remaining six-months stayed upon the successful completion of a three-year period of probation with conditions. This suspension will be served at the same time as the Colorado Order which was effective 11 August 2006.

b. Require Respondent to reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $200.00 and pay the administrative fee of $500.00 no later than 1 January 2008.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended May 15, 2007.

/s/ Joe M. Teig
Joe M. Teig
Chair, Board of Professional Responsibility

cc: Rebecca A. Lewis, Bar Counsel

Terry W. Mackey, Attorney for Timothy J. Judson

## ATTACHMENT

### SUPREME COURT, STATE OF COLORADO

ORIGINAL PROCEEDING IN DISCIPLINE BEFORE THE OFFICE OF THE PRESIDING DISCIPLINARY JUDGE

1560 BROADWAY, SUITE 675
DENVER, CO 80202

Complainant:

THE PEOPLE OF THE STATE OF COLORADO,

Respondent:

TIMOTHY J. JUDSON.

Case Number: 06PDJ017

### ORDER APPROVING CONDITIONAL ADMISSION OF MISCONDUCT AND IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.22

On May 19, 2006, Lisa E. Frankel, Office of Attorney Regulation Counsel ("the People"), Timothy J. Judson ("Respondent"), and Craig L. Truman, counsel for Respondent, submitted a Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct ("Stipulation") for consideration by the Presiding Disciplinary Judge ("PDJ") pursuant to C.R.C.P. 251.22. In this Stipulation, the Parties waive their right to a hearing under C.R.C.P. 251.22(c). However, the PDJ held a Status Conference in order to make further inquiries of the parties before accepting or rejecting the Stipulation.

The PDJ considered the case file, the Stipulation, the statements of the parties at the Status Conference, and supplemental materi-

als provided by Respondent, and now **ORDERS** the following:

1. The PDJ accepts and approves the Stipulation.

2. **TIMOTHY J. JUDSON, Attorney Registration No. 17550, is SUSPENDED from the practice of law for a period of one-year and one-day, with six-months SERVED and the remaining six-months and one-day STAYED upon the successful completion of a three-year period of probation, with conditions.**

   A. For a period of three years from the effective date of this Order, Respondent shall not engage in any conduct which results in any of the following:

   (1) The imposition of any form of discipline as provided in C.R.C.P. 251.6 or 251.7; or

   (2) An order of immediate suspension as provided in C.R.C.P. 251.8, 251.8.5, or 251.8.6.

   B. Respondent shall comply with all requirements under the Stipulation, C.R.C.P. 251.28 and 251.29, and C.R.C.P. 251.7, including the timely filing of an affidavit. Respondent has acknowledged that he carries the burden of establishing that all conditions of probation have been timely met.

   C. Respondent's failure to comply with any of the conditions listed herein may be a basis for revocation of the Stipulation. The filing of a revocation motion shall stay all time periods pertaining to the Stipulation until final resolution of the motion under C.R.C.P. 251.7(e).

3. Pursuant to C.R.C.P. 251.32, Respondent shall pay costs incurred in conjunction with this matter in the amount of $91.00 within thirty days of the date of this Order. Costs are payable to the Colorado Supreme Court Attorney Regulation Offices. Statutory interest shall accrue from the date of this Order. Should Respondent fail to make payment of the aforementioned costs and interest within thirty days, Respondent shall be responsible for all additional costs and expenses, including reasonable attorney fees, incurred by the People in collecting the above-stated amount. The People may amend the amount of the judgment for additional costs and expenses by providing a motion and bill of costs to the Presiding Disciplinary Judge.

**THE PDJ ENTERS THIS ORDER THE 11TH DAY OF JULY, 2006, AND SUSPENDS RESPONDENT, EFFECTIVE THE 11TH DAY OF AUGUST 2006.**

/s/ William R. Lucero
WILLIAM R. LUCERO
PRESIDING DISCIPLINARY JUDGE